C. Moze Cowper (CA Bar No. 236614)
mcowper@cowperlaw.com
Noel E. Garcia. (CA Bar No. 236831)
ngarcia@cowperlaw.com
**COWPER LAW PC**
10880 Wilshire Boulevard, Suite 1840
Los Angeles, California 90024
Tel.: 877-529-3707

Adam J. Levitt*
alevitt@dicellolevitt.com
Amy E. Keller*
akeller@dicellolevitt.com
Laura E. Reasons*
lreasons@dicellolevitt.com
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel.: 312-214-7900

Matthew S. Miller*
mmiller@msmillerlaw.com
**MATTHEW S. MILLER LLC**
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
Tel.: 312-741-1085

* *Pro Hac Vice* Admission Pending

*Counsel for Plaintiff and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CLAIRE BRANDMEYER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, <br><br> Defendant. | Civil Action No. 20-cv-2886 <br><br> **ORIGINAL CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Claire Brandmeyer ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class," as more fully defined below), brings this class action complaint against The Regents of the University of California ("Defendant" or "University of California"). Plaintiff makes the following allegations upon personal knowledge as to her own acts, and upon information and belief, and her attorneys' investigation, as to all other matters, alleging as follows:

## I.   NATURE OF THE ACTION

1. This is a class action brought on behalf of all people who paid fees for the Spring 2020 academic semester or quarter at any of the ten campuses within the University of California system and who, because of University of California's response and policies relating to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefits of the services for which their fees were paid, without having a pro-rated portion of those fees and costs refunded to them in full and without condition. For purposes of this Complaint, "semester" also encompasses "quarter" and means any academic period for which Plaintiff and the other Class members paid fees but experienced a loss of services because of COVID-19.

2. By on or about March 14, 2020, University of California had announced that because of the global COVID-19 pandemic and mass gathering guidelines implemented by the California Department of Health, classes at all University of California campuses would transition from in-person classes to online classes for the remainder of the Spring 2020 semester. In mid-March, students were encouraged to move off of their campuses unless they had no other option. All athletic events and other co-curricular activities were also suspended. Students were encouraged to return to their homes to complete their coursework online.

3. Because all classes were moved online, all activities suspended, and facilities closed, there was no reason for students to remain on campus if they had other housing available to them and no reason for students who did not live on campus to come to campus as they had always done to attend class. This is particularly so in the face of the dangers, risks, and fear associated with the pandemic. On information and belief, many students chose to leave campus to be closer to their families, or to avoid exposure to COVID-19, and have stayed off campus to comply with directives from University of California, and local, state, and federal governments.

4. Despite its constructive eviction of students from campus for the remainder of the semester and ending all campus activities for at least that same time period, University of California has not offered refunds to students for the unused portion of their campus fees paid to cover the cost of certain on-campus services which are no longer available to students. University of California is, in essence, profiting from this pandemic.

5. University of California's decision to transition to online classes and to instruct students to leave campus were responsible decisions to make, but it is unfair and unlawful for University of California to retain fees and costs and to pass the losses on to the students and/or their families. Other higher education institutions across the United States that also have switched to e-learning and have requested that students leave campus have recognized the upheaval and financial harm to students and/or their families from these decisions and have provided appropriate refunds. That is the right thing to do. University of California, unfortunately, has taken the opposite approach by failing to provide any refunds of fees, despite requests from students and families.

6. Accordingly, University of California has improperly retained monies paid by Plaintiff and the other Class members for these fees for services that are no longer available. Even if University of California claims that it did not have a choice, it nevertheless has improperly retained funds for services it is not providing. No matter the excuse, University of California's actions are unlawful and unfair, and equity demands disgorgement of the fees and monies paid to make Plaintiff and the other Class members whole.

7. Plaintiff brings this class action for injunctive, declaratory, and equitable relief resulting from University of California's illegal, unfair, or deceptive conduct, namely retaining the costs of fees paid by Plaintiff and the other Class members, while ceasing to provide services to Plaintiff and the other Class members (or the students on behalf of who Plaintiff and Class members paid these expenses) for which their fees paid.

8. This lawsuit seeks disgorgement of the pro-rated, unused amounts of fees (as further described herein) that Plaintiff and the other Class members paid, but for which they (or the students on behalf of whom they paid) will not be provided the benefit thereof.

## II.   PARTIES

### A.   Plaintiff

9. Claire Brandmeyer is a student at UC Davis and a citizen of the State of California. Ms. Brandmeyer paid the cost of fees at UC Davis for the Spring 2020 semester. Plaintiff left campus in mid-March of 2020 and has not returned, in accordance with University of California's policies and mandates relating to COVID-19.

10. Despite the shutdown of campus and suspension of on-campus activities, Plaintiff has not been offered or provided any refund of any fees that she paid for the Spring 2020 semester.

**B.     Defendant**

11. The Regents of the University of California ("University of California"), is empowered by Article IX, Section 9 of the California Constitution and oversees the ten universities within the University of California system: UC Berkeley, UC Davis, UC Irvine, UCLA, UC Merced, UC Riverside, UC San Diego, UC San Francisco, UC Santa Barbara, and UC Santa Cruz.

12. University of California resides in Alameda County, California, with its principal place of business at 1111 Franklin Street, Oakland, California 94607.

13. University of California is a corporate body that can sue and be sued and has the power to take and hold property in its own name. Plaintiff does not seek to recover any taxpayer funds, or funds from the State's coffers. Rather, Plaintiff seeks equitable relief, including disgorgement of the pro-rated, unused amounts of fees (as further described herein) that Plaintiff and the other Class members paid, but for which they (or the students on behalf of whom they paid) will not be provided the benefit thereof.

### III.     JURISDICTION AND VENUE

14. This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which at least one Class member is a citizen of a state different from University of California. Namely, University of California is a California citizen, and many Class members are from states other than California.

15. This Court has personal jurisdiction over University of California because it resides in this District.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because University of California resides in this District and is a resident of California, the state in which the District is located.

## IV. FACTUAL ALLEGATIONS

### A. *Plaintiff and the Other Class Members Paid Fees for the Spring 2020 Semester*

17. Class members are individuals who paid fees at University of California campuses for the Spring 2020 semester.

18. Campus Mandatory Fees at University of California campuses include the Student Services Fee, which was approximately $1,128 for the 2019-2020 academic year.[1]

19. Students at University of California campuses also paid Compulsory Campus-Based Student Fees for the Spring 2020 semester.

20. The Campus-based fees at UC Davis for the 2019-2020 academic year, for example, include:

- Campus Expansion Initiative ($595.04);
- Facilities and Campus Enhancements Fee ($450.21);
- Student Services Maintenance Fee/Student Activities and Services Initiative Fee ($380.90);
- Student Health Services Fee ($163.29);
- Associated Students of UC Davis (ASUCD) Fee ($105);

---

[1] University of California, 2019-20 Tuition and Fee Levels, available at https://www.ucop.edu/operating-budget/_files/fees/201920/2019-20.pdf (last accessed 4/27/2020).

- Memorial Union Fee ($85.50);
- Student Facilities Safety Fee ($66);
- Unitrans ($58);
- California Aggie Fee ($12.33); and
- The Green Initiative Fund (TGIF) Fee ($9).[2]

21. Students at the other University of California campus locations also paid Campus-based fees.

22. The fees listed and described in Paragraphs 18 and 20 (above) are provided by way of example; the total amount of fees for which this action seeks disgorgement thereof—which may include other fees that are not listed herein but that were paid by Class members for or on behalf of students at all University of California campuses and not refunded—will be proven at trial. For purposes of this action, "fees" do not include the cost of tuition or the cost of room and board.

**B.  *In Response to COVID-19, University of California Gets It Half Right: Students Are Required or Encouraged to Leave Their Campuses, But Their Fees Are Not Refunded.***

23. Beginning in January 2020, COVID-19 began presenting American cities and universities with an unprecedented, modern-day challenge: maintaining the fabric of our economy and communities while protecting American lives.

24. In March 2020, several U.S. cities, states, and municipalities began calling for social distancing to slow the spread of COVID-19. Eventually, some cities, states, and municipalities ordered citizens and residents to "shelter-at-home," effectively requiring them to stay home, other than to receive essential services.

---

[2] UC Davis, Cost: Tuition and Fees, How your tuition and fees break down, available at https://www.ucdavis.edu/admissions/cost/ (last accessed April 27, 2020).

25. Students expressed concern that, if they stayed on campus or in student residence halls, the living conditions would threaten their safety, and expose them to COVID-19.

26. On March 4, 2020, Governor Gavin Newson entered an executive order declaring a state of emergency to exist in California relating to COVID-19.

27. On March 19, 2020, Governor Newson entered an executive order requiring all individuals living in California to stay home or at their place of residence except as needed to maintain continuity of operations of critical infrastructure sectors (in which case, social distancing must be practiced).[3]

28. The Federal Government has also responded to the COVID-19 pandemic in ways that benefit University of California and help University of California cover the costs associated with the disruption. Specifically, $14 billion of stimulus funds have been set aside to aid institutions of higher education. On information and belief, the State of California will receive over $3.8 billion for higher education.[4] University of California will receive over $240 million.[5]

29. The stimulus monies are designed to help students and it would be inequitable for University of California to retain the value of these stimulus funds while, at the same time, ceasing to provide services to students and not returning the full, pro-rated amounts that were paid for these services. Certain CARES fund

---

[3] Executive Department, State of California, Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (last accessed April 26, 2020).

[4] How Much Will States Receive Through the Education Stabilization Fund in the CARES Act? Center on Budget and Policy Priorities (April 3, 2020), https://www.cbpp.org/research/state-budget-and-tax/how-much-will-states-receive-through-the-education-stabilization-fund.

[5] U.S. Dept. of Education, Allocations for section 18004(a)(1) of the CARES Act, available at https://www2.ed.gov/about/offices/list/ope/allocationsforsection18004a1ofcaresact.pdf (last accessed April 26, 2020).

monies must be distributed directly to students. This does not absolve University of California, however, of being required to disgorge the wrongly-retained monies that Plaintiff and the other Class members paid for fees. This makes sense because the CARES funds are intended to be used as emergency cash grants, not as a vehicle for universities to retain money that is not theirs to retain. Given the unprecedented disruption and financial impact to students and their families, these cash grants are necessary for students and families. Indeed, in most cases, students were not eligible for the $1,200 CARES Act checks that many Americans received. Funds distributed through universities may be the only portion of the unprecedented $2 trillion federal stimulus package that students receive. The fact that students may receive certain taxpayer monies through a federal stimulus plan does not entitle University of California to retain fees that belong to Plaintiff and the other Class members and, indeed, these fees must be disgorged and returned to them.

30. In March 2020, University of California also issued various mandates to students, requiring them to begin taking all classes remotely and, in most cases, not return to campus, including to their on-campus housing, for the remainder of the Spring 2020 semester.

31. In March 2020, University of California also cancelled on-campus and other co-curricular activities, including athletic events.

32. University of California has also cancelled or postponed in-person graduation ceremonies at its campuses.

33. The effect of University of California's COVID-19-related protocols and messaging is that all students have effectively been forced to leave campus, unless they truly had no other safe place to go. For students who do remain on campus, services are now extremely limited. For students who do not live on

campus, there is no reason to come to campus since all activities have been cancelled and all classes have moved online.

34. Notwithstanding each of the above-listed facts, University of California has not granted its students refunds of their fees, even though they are no longer able to use the services for which they paid.

35. While social distancing is recommended by healthcare professionals and even the Centers for Disease Control and Prevention ("CDC"), the resulting impact to the economy—and individual families' wallets—cannot be understated.[6] Rather than acknowledge the difficult financial stresses that COVID-19 has placed on students and families, University of California students and their families were expected to bear the brunt of the stress.

36. University of California has announced that it will return certain room and board costs. University of California, however, has not offered or provided students and/or their families any refund of the system-wide fees or of the miscellaneous campus fees they paid that were unused and will not be able to be used.

37. As soon as University of California announced that classes were moving online and campuses were effectively closing, the fees paid for the semester should have been promptly returned to Plaintiff and the other Class members and are now, effectively, held in trust by University of California for the benefit of

---

[6] Carlos Granda, Marc Brown, and Grace Manthey, CA unemployment claims reach historic level amid coronavirus pandemic, ABC7 Eyewitness News (April 3, 2020), https://abc7.com/unemployment-claims-coronavirus-california/6071366/ (nearly 879,000 Californians filed for unemployment during the week ending March 28, 2020, which is nearly five times more than the previous week's number. The last two weeks total more than 1 million people statewide).

students and/or their families including Plaintiff and the other Class members, and must be disgorged and returned to them.

38. University of California has retained the value of monies paid by Plaintiff and the other Class members for fees, while failing to provide the services for which those fees were paid. Even if University of California has a legal right to cancel the fee contracts and no longer provide the services for which the fees paid, it does not have the right to retain the monies that students and/or families paid for those services. The inequity is further highlighted by the fact that University of California will be receiving hundreds of millions of dollars in aid to help cover the costs associated with the COVID-19 disruption.

39. Class members have demanded the return of the unused portions of the fees that they paid through a number of channels, including through online forums.[7]

40. In addition, students and/or their families have contacted University of California directly and/or left comments on online forums requesting refunds, all to no avail.

41. Despite these demands University of California has stood by its policy of refusing to make fee refunds.

42. Through this lawsuit, Plaintiff seeks—individually and on behalf of the other Class members— University of California's disgorgement of the pro-rated, unused portion of fees, proportionate to the amount of time that remained in the Spring 2020 semester when classes moved online and campus services ceased being provided. These amounts must be fully disgorged and returned to Plaintiff and the

---

[7] *See, e.g.,* Change.org Petition, Demand for UC Berkeley Partial Fee Reimbursement, https://www.change.org/p/demand-for-uc-berkeley-fee-reimbursement-tuition-adj-parking-costs-campus-student-fees-class-pass-documentation-fees (over 3,500 individuals have signed as of April 27, 2020).

other Class members.  It is inequitable, unfair, and illegal for University of California to retain these funds.

## V. CLASS ACTION ALLEGATIONS

43. Plaintiff brings this case individually and, pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3), and/or (c)(4) for damages, equitable relief, and disgorgement on behalf of the Class, defined as:

> All people who paid fees for or on behalf of themselves or other students enrolled in classes at any University of California campus for the Spring 2020 semester, including students and/or their families or guardians who paid fees (the "Class").

44. Excluded from the Class are University of California and any of its respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; the judicial officers, and their immediate family members; and Court staff assigned to this case.  Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

45. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

46. **Numerosity—Federal Rule of Civil Procedure 23(a)(1).**  The Class members are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  The precise number of Class members is unknown to Plaintiff, but may be ascertained from University of California's records and, based upon publicly available information, is presumed to be not less than 280,000 people.  Class members may be notified of the pendency of this action by recognized,

Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

47. **Commonality—Federal Rule of Civil Procedure 23(a)(2); Predominance—Federal Rule of Civil Procedure 23(b)(3).** This action involves questions of law and fact common to the Class, which predominate over any individual questions, including, without limitation:

   a. Whether University of California engaged in the conduct alleged herein;

   b. Whether University of California breached its contracts with Plaintiff and the other Class members by retaining fees without providing the services which the fees were intended to cover;

   c. Whether University of California was unjustly enriched by retaining fees of Plaintiff and the other Class members without providing the services that the fees were intended to cover;

   d. Whether University of California committed conversion by retaining fees of Plaintiff and the other Class members without providing the services that the fees were intended to cover;

   e. Whether certification of the Class is appropriate under Fed. R. Civ. P. 23;

   f. Whether Plaintiff and the other Class members are entitled to prospective declaratory, equitable, or injunctive relief, including disgorgement, and/or other relief; and

   g. The amount and nature of relief to be awarded to Plaintiff and the other Class members.

48. **Typicality—Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other

Class members each paid for fees associated with the Spring 2020 semester at University of California but were not provided the services that those fees were meant to cover, nor were they reimbursed therefor. Plaintiff and the other Class members each suffered harm—namely, University of California retaining their fees and monies paid—as a direct and proximate result of the same wrongful conduct in which University of California engaged. Plaintiff's claims arise from the same practices and course of conduct that give rise to the other Class members' claims.

49. **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the other Class members who she seeks to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and her counsel.

50. **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).** University of California has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

51. **Certification of Specific Issues—Federal Rule of Civil Procedure 23(c)(4).** To the extent a class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

# VI. CLAIMS ALLEGED

## FIRST CLAIM FOR RELIEF

### Breach of Contract

### Plaintiff and the Other Class Members

52. Plaintiff repeats and alleges the allegations in Paragraphs 1-51, above, as if fully alleged herein.

53. Plaintiff brings this claim individually and on behalf of the other Class members.

54. Plaintiff and the other Class members entered into contractual agreements with University of California which provided that Plaintiff and the other Class members would pay fees for or on behalf of students, and in exchange, University of California would provide services to students.

55. Plaintiff and the other Class members fulfilled their end of the bargain when they paid the fees for the Spring 2020 semester.

56. University of California breached its contracts with Plaintiff and the other Class members when it moved classes online, cancelled on-campus events and activities, and stopped providing services for which the fees were intended to pay.

57. Even if performance was excused, University of California cannot retain funds for services it will not provide.

58. University of California retained monies paid by and which belong to Plaintiff and the other Class members, without providing them the benefit of their bargain.

59. Plaintiff and the other Class members have been deprived of the value of the services the fees they paid were intended to cover, while University of California retained those fees. Plaintiff and the other Class members are entitled to an equitable remedy—here: disgorgement of the pro-rated, unused amounts of fees

that University of California has already charged and which Plaintiff and the other Class members have paid.

## SECOND CLAIM FOR RELIEF

### Unjust Enrichment

### Plaintiff and the Other Class Members

60. Plaintiff repeats and alleges the allegations in Paragraphs 1-51, above, as if fully alleged herein.

61. Plaintiff brings this claim individually and on behalf of the other Class members and in the alternative to the breach of contract claim brought on behalf of Plaintiff and the other Class members (First Claim for Relief, above).

62. University of California has received a benefit at the expense of Plaintiff and the other Class members to which it is not entitled. Plaintiff and the other Class members paid fees to University of California and did not receive the full benefit of their bargain, while University of California continues to retain those fees.

63. Plaintiff and the other Class members paid fees for or on behalf of students, which were intended to cover services for the Spring 2020 semester. In exchange, students were entitled to receive those services for the entire semester.

64. University of California moved classes online, cancelled on-campus events and activities, and stopped providing the services the fees were intended to cover.

65. University of California has been unjustly enriched by retaining the fees paid by Plaintiff and the other Class members for the semester while not providing services for which those fees paid. Equity requires University of California to return to Plaintiff and the other Class members the remaining, pro-rated amounts of fees paid for the Spring 2020 semester.

# THIRD CLAIM FOR RELIEF

## Conversion

## Plaintiff and the Other Class Members

66. Plaintiff repeats and alleges the allegations in Paragraphs 1-51 above, as if fully alleged herein.

67. Plaintiff brings this claim individually and on behalf of the other Class members.

68. Plaintiff and the other Class members have a right to the services that were supposed to be provided in exchange for their payments of fees to University of California.

69. University of California intentionally interfered with the rights of Plaintiff and the other Class members when it moved all classes to an online learning format, cancelled on-campus events and activities, and discontinued services for which the fees were intended to pay, while retaining the fees paid by Plaintiff and the other Class members.

70. Class members demanded the return of the pro-rated, unused fees for the remainder of the Spring 2020 semester.

71. University of California's retention of the fees paid by Plaintiff and the other Class members without providing the services for which they paid, deprived Plaintiff and the other Class members of the benefits for which the fees paid.

72. This interference with the services for which Plaintiff and the other Class members paid, harmed Plaintiff and the other Class members in that University of California has retained monies that are rightfully theirs.

73. Plaintiff and the other Class members are entitled to the return of the remaining, pro-rated amounts of fees paid for the Spring 2020 semester.

## VII. REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in her favor and against University of California as follows:

    a.    Certifying the Class as requested herein, designating Plaintiff as class representatives, and appointing Plaintiff's undersigned counsel as Class Counsel;

    b.    Declaring that University of California is financially responsible for notifying the Class members of the pendency of this suit;

    c.    Declaring that University of California has wrongfully retained monies paid for fees, which belong to Plaintiff and the other Class members and must be disgorged;

    d.    Awarding injunctive relief as permitted by law or equity, including enjoining University of California from retaining the pro-rated, unused portion of monies paid for fees; and

    e.    Awarding such other and further relief as may be just and proper.

## VIII. JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: April 27, 2020

/s/ C. Moze Cowper
C. Moze Cowper
Noel E. Garcia
**COWPER LAW PC**
10880 Wilshire Boulevard, Suite 1840
Los Angeles, California 90024
Tel.: 877-529-3707
mcowper@cowperlaw.com
ngarcia@cowperlaw.com

Adam J. Levitt*
Amy E. Keller*
Laura E. Reasons*
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor

Chicago, Illinois 60602
Tel.: 312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
lreasons@dicellolevitt.com

Matthew S. Miller*
**MATTHEW S. MILLER LLC**
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
Tel.: 312-741-1085
mmiller@msmillerlaw.com

**Pro Hac Vice* Admission Pending

***Counsel for Plaintiff and the Proposed Class***