KAREN G. JOHNSON-MCKEWAN (STATE BAR NO. 121570)
kjohnson-mckewan@orrick.com
RANDY LUSKEY (STATE BAR NO. 240915)
rluskey@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

WILLIAM A. MOLINSKI (STATE BAR NO. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017-5855
Telephone:   +1 213 629 2020
Facsimile:    +1 213 612 2499

Attorneys for Specially Appearing Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIRE BRANDMEYER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendant. | Case No. 3:20-CV-02886-SK<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR CONSOLIDATION, BIFURCATION, AND APPOINTMENT OF INTERIM CLASS COUNSEL FOR THE FEE TRACK AND THE TUITION TRACK**<br><br>Date:         June 22, 2020<br>Time:        9:30 a.m.<br>Courtroom: C, 15th Floor<br>Judge:       Hon. Mag. Sallie Kim |

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 1
I. INTRODUCTION ................................................................................................................ 1
II. RELEVANT FACTS ........................................................................................................... 3
III. ARGUMENT ........................................................................................................................ 5
    A. The Regents Intends to Move to Dismiss Based on Eleventh Amendment Immunity and Lack of Subject Matter Jurisdiction under the Class Action Fairness Act ................................................................................................................ 5
    B. Plaintiffs' Motion Is Procedurally Deficient ............................................................ 6
    C. The Regents Takes No Position on Consolidation .................................................... 7
    D. Plaintiffs Fail to Show That Bifurcation Is Warranted ............................................. 7
    E. The Regents Takes No Position Concerning Appointment of Interim Class Counsel ..................................................................................................................... 9
IV. CONCLUSION ................................................................................................................... 10

- i -

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONSOLIDATION, BIFURCATION,
AND APPOINTMENT OF INTERIM COUNSEL
[3:20-CV-02886-SK]

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Armstrong v. Meyers*,
   964 F.2d 948 (9th Cir. 1992)...................................................................................................5

*Doe v. Lawrence Livermore Nat'l Lab.*,
   131 F.3d 836 (9th Cir. 1997).............................................................................................1, 2, 5

*Drennan v. Maryland Casualty Co.*,
   366 F. Supp. 2d 1002 (D. Nev. 2005) ......................................................................................8

*Edelman v. Jordan*,
   415 U.S. 651 (1974)..................................................................................................................1

*Ellis v. City of San Diego, Cal.*,
   176 F.3d 1183 (9th Cir. 1999)..................................................................................................6

*Feied v. Regents of Univ. of Cal.*,
   188 F. App'x 559 (9th Cir. 2006) ............................................................................................6

*Gonzalez v. Thaler*,
   565 U.S. 134 (2012) .................................................................................................................6

*Hong v. Grant*,
   403 F. App'x 236 (9th Cir. 2010) ............................................................................................6

*Humenuik v. T-Mobile USA, Inc.*,
   No. 1:14-CV-02002, 2015 WL 3397861 (N.D. Ohio May 26, 2015) ......................................8

*Hunter v. City and County of San Francisco*,
   No. 11–4911 JSC, 2012 WL 4831634 (N.D. Cal. Oct. 10, 2012) ............................................9

*Jackson v. Hayakawa*,
   682 F.2d 1344 (9th Cir. 1982)..................................................................................................6

*Jinro America Inc., v. Secure Invs., Inc.*,
   266 F.3d 993 (9th Cir. 2001)....................................................................................................8

*Kendrick v. Conduent State & Local Sols., Inc.*,
   910 F.3d 1255 (9th Cir. 2018)..................................................................................................6

*Lafreniere v. Regents of Univ. of Cal.*,
   255 F. App'x 275 (9th Cir. 2007) ............................................................................................6

- ii -

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONSOLIDATION, BIFURCATION,
AND APPOINTMENT OF INTERIM COUNSEL
[3:20-CV-02886-SK]

*Peralta v. California Franchise Tax Bd.*,
   124 F. Supp. 3d 993 (N.D. Cal. 2015), *affd*, 673 F. App'x 975 (Fed. Cir. 2016)........................1

*Regents of the University of California v. Doe*,
   519 U.S. 425 (1997).............................................................................................................1, 2, 5

*Serrano v. 180 Connect, Inc.*,
   478 F.3d 1018 (9th Cir. 2007)..................................................................................................2, 6

*Singleton v. Univ. of California*,
   Case No. No. C–93–3496 MHP, 1995 WL 16978 (N.D. Cal. Jan. 6, 1995) ..............................1

*Spectra—Physics Lasers, Inc. v. Uniphase Corp.*,
   144 F.R.D. 99 (N.D. Cal. 1992)..................................................................................................8, 9

*Thompson v. City of Los Angeles*,
   885 F.2d 1439 (9th Cir. 1989)......................................................................................................5

*VB Engineering v. University of California, Los Angeles*,
   858 F.2d 1394 (9th Cir. 1988)......................................................................................................5

**Federal Statutes**

28 U.S.C. §1332(d)(2)....................................................................................................................6

28 U.S.C. § 1332(d)(5)............................................................................................................2, 4, 6

**Rules**

Fed. Rule of Civ. Pro. 23 ...............................................................................................................8

Fed. Rule of Civ. Pro. 42(b)...........................................................................................................8

N.D. Cal. Civil Local Rule 3-12(b)........................................................................................3, 5, 6, 7

N.D. Cal. Civil Local Rule 3-12(f)(3)............................................................................................7

N.D. Cal. Civil Local Rule 7-3 ......................................................................................................3

N.D. Cal. Civil Local Rule 7-11 ....................................................................................................7

**Constitutional Provisions**

Eleventh Amendment................................................................................................................ *passim*

California Constitution Article IX, § 9 .........................................................................................1

**Other Authorities**

3 Newberg on Class Actions §§ 10:7, 10:8 (5th ed.) ....................................................................7

- iii -

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONSOLIDATION, BIFURCATION,
AND APPOINTMENT OF INTERIM COUNSEL
[3:20-CV-02886-SK]

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Regents of the University of California ("The Regents" or "the University")[1] hereby specially appears[2] to respond to Plaintiffs' Motion for Consolidation, Bifurcation, and Appointment of Interim Class Counsel for the Fee Track and the Tuition Track ("the Motion").

## I.  INTRODUCTION

It feels like ages ago that employees went to work, kids boarded school buses, and athletes played organized sports.  COVID-19 has upended every aspect of our lives.  And it happened fast.  Quite literally overnight, competitions were canceled, restaurants were shuttered, and thriving metropolises came to a screeching halt.  Adaptation followed.  Companies scrambled to transition to remote working infrastructures, restaurants shifted exclusively to takeout and delivery, and "Zoom" became a part of our everyday vernacular.  Universities, of course, were not immune.  When the alarm sounded, their first priority was student health and safety.  They immediately devised and executed exit plans to relieve congestion and curtail spread of the novel Coronavirus.  Simultaneously, to continue facilitating the student educational experience, they swiftly shifted to online teaching platforms and adapted to remote delivery of student services.  Execution of those plans was no easy undertaking.  It required securing new technological resources, revamping pedagogical models, and positioning professors for distance teaching, all at a significant financial cost.  These extraordinary efforts are ongoing at universities nationwide.

Less than a month after the Coronavirus pandemic hit the United States and state and local governments began issuing shelter-in-place and similar orders, plaintiffs' lawyers began filing

---

[1] Under Article IX, Section 9 of the California Constitution, "The Regents of the University of California" is the corporation granted with "full powers of organization and government" to administer the University of California and, because "The Regents" is the shorthand name for that entity, we employ the name here as a singular noun.

[2] The Regents is entitled to Eleventh Amendment immunity from litigation in federal court, *Regents of the University of California v. Doe*, 519 U.S. 425 (1997) and *Doe v. Lawrence Livermore Nat'l Lab.,* 131 F.3d 836 (9th Cir. 1997); by making this special appearance, it does not intend to waive that immunity.  "[W]aiver of the Eleventh Amendment will only be found 'where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction.'"  *Peralta v. California Franchise Tax Bd.*, 124 F. Supp. 3d 993, 999 (N.D. Cal. 2015), *aff'd*, 673 F. App'x 975 (Fed. Cir. 2016) (quoting *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)); *see also Singleton v. Univ. of California*, Case No. C–93–3496 MHP, 1995 WL 16978, at *3 (N.D. Cal. Jan. 6, 1995) (finding that the University of California's failure to raise Eleventh Amendment immunity until after filing its answer did not constitute waiver).

- 1 -

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONSOLIDATION, BIFURCATION,
AND APPOINTMENT OF INTERIM COUNSEL
[3:20-CV-02886-SK]

1  class action lawsuits seeking a return of students' tuition and fees from the nation's top
2  universities. More than 100 such actions are now pending in state and federal courts nationwide.
3  Three of these cases—*Brandmeyer, Ritter*, and *Lee*—were filed against The Regents in the
4  Northern District of California. Mot. at 2:21-24-3:1-8.[3]

5  Apparently in a hurry to secure lead-counsel status, Plaintiffs Brandmeyer and Ritter
6  (collectively, "Plaintiffs") moved this Court to consolidate the actions, bifurcate them, and
7  approve interim appointment of class counsel. Plaintiffs press this Motion despite knowing that
8  the University is a state actor, and therefore immune from suit in federal court. Counsel for The
9  Regents have informed counsel for Plaintiffs that the Regents does not intend to waive Eleventh
10  Amendment immunity, and that subject matter jurisdiction is lacking under 28 U.S.C.
11  § 1332(d)(5). As explained in greater detail below, the case law on this score is as well-settled as
12  it could possibly be. *See, e.g.*, *Regents of the University of California v. Doe*, 519 U.S. 425
13  (1997); *Doe v. Lawrence Livermore Nat'l Lab.,* 131 F.3d 836 (9th Cir. 1997); *Serrano v. 180*
14  *Connect, Inc.*, 478 F.3d 1018, 1021 n.3 (9th Cir. 2007). Accordingly, The Regents's counsel first
15  asked Ms. Brandmeyer's counsel to agree either to dismiss her case and refile it in state court or
16  to postpone the hearing on this Motion until such time as The Regents's motion to dismiss could
17  be heard. Ms. Brandmeyer's counsel declined, insisting that this Motion be heard first. Mr.
18  Ritter's counsel originally asked whether The Regents would waive Eleventh Amendment
19  immunity and, if not, offered to dismiss and refile in state court. Since then, however, Mr.
20  Ritter's counsel has withdrawn that proposal, and, as of the date of this filing, is giving further
21  consideration to the matter in light of the University's refusal to waive immunity.

22  By contrast, counsel for Plaintiff Lee—who was excluded as a proposed designated class
23  counsel in the Motion—voluntarily dismissed the *Lee* Complaint that was pending in this Court
24  and agreed to refile in state court. Dkt. 12, Case No. 3:20-cv-3241.

---

[3] Three separate class actions asserting nearly identical allegations and claims against The Regents have also been filed in California state courts. *See Stoffel v. The Regents of the University of California and Does 1-100 Inclusive*, Case No. 20STCV14991 (Cal. Sup. Ct.) (filed April 16, 2020); *Mueller v. The Regents of the University of California*, Case No. 20-CIV-01942 (Cal. Sup. Ct.) (filed May 6, 2020); *Funkhouser v. The Regents of the University of California*, Case No. RG20061076 (Cal. Sup. Ct.) (filed May 12, 2020).

- 2 -

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONSOLIDATION, BIFURCATION,
AND APPOINTMENT OF INTERIM COUNSEL
[3:20-CV-02886-SK]

1    Because Plaintiffs' counsel has insisted on proceeding with the Motion on the original
2    schedule, the Regents has no choice but to respond to it pursuant to Local Rule 7-3 and therefore
3    makes this special appearance for that purpose.  The Regents expressly does not waive its
4    Eleventh Amendment immunity rights and reserves its right to seek to dismiss all three actions on
5    immunity and subject matter jurisdiction grounds.  To conserve judicial resources, the Regents
6    submits that these threshold jurisdictional questions should be resolved first.  If, however, the
7    Court prefers to address the Motion now, The Regents takes no position regarding consolidation
8    and appointment of interim class counsel.  As to bifurcation, it is unclear what rule Plaintiffs
9    purport to be invoking, as their one-paragraph contention is devoid of any legal citation.  If the
10   bifurcation request pertains to class certification or trial, it is plainly premature; if Plaintiffs seek
11   dual-tracking for all pre-trial purposes, Plaintiffs have failed to meet their burden.  They have
12   made no showing—nor even attempted to—that splintering the issues for purposes of discovery
13   and pretrial proceedings would result in efficiency gains.

## II.   RELEVANT FACTS

On April 27, 2020, Plaintiff Claire Brandmeyer filed a class action against The Regents in this Court, asserting claims for breach of contract, unjust enrichment, and conversion in an effort to secure the return of service fees and campus-based fees.  Dkt. 1, Case No. 20-cv-2886.  The next day, Plaintiff Noah Ritter filed a separate class action against The Regents in this Court.  Dkt. 1, Case No. 20-cv-2925.  The *Ritter* complaint also advances claims for breach of contract and unjust enrichment but, unlike *Brandmeyer*, it seeks a return of tuition as well as fees.  The *Ritter* complaint also asks that the Court create tuition and fee subclasses.  *Id.*  Plaintiff Matias Lee filed the third class action complaint in this District on May 12, 2020, which, like the *Ritter* complaint, sought some form of pro-rata return of tuition and fees.  Dkt. 1, Case No. 20-cv-3241.

On May 14, 2020, Plaintiffs Brandmeyer and Ritter filed the Motion.  Mot. 1-23.  In so doing, Plaintiffs appear to have bypassed procedural requirements under the local rules that require cases be deemed related before counsel may move to consolidate them.  *See* Local Rule 3-12(b).

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONSOLIDATION, BIFURCATION,
AND APPOINTMENT OF INTERIM COUNSEL
[3:20-CV-02886-SK]

In the interest of avoiding unnecessary motion practice, The Regents conferred with counsel for Plaintiff Brandmeyer on May 20, 2020, explaining that the Regents intends to assert Eleventh Amendment immunity, and further explaining that subject matter jurisdiction is lacking—a position that should come as no surprise to Plaintiffs' counsel given that counsel for Ritter themselves affirmatively proposed dismissing and refiling in state court. *See* Declaration of Karen Johnson-McKewan in Support of Defendant's Response to Plaintiffs' Motion for Consolidation, Bifurcation, and Appointment of Interim Class Counsel for the Fee Track and Tuition Track ("Johnson-McKewan Decl.") at ¶¶ 4, 6. Given the settled jurisprudence on this issue, The Regents asked that Plaintiff Brandmeyer simply withdraw her federal lawsuit or, at a minimum, delay hearing the Motion until after resolution of The Regents's forthcoming motion to dismiss. Johnson-McKewan Decl. at ¶ 4. On May 22, 2020, counsel in *Brandmeyer* declined the request and, without citing any legal authority, "strongly suggest[ed] that [the Regents] … consent[] to federal jurisdiction, which is where we believe we're ultimately going to stay." Johnson-McKewan Decl. at ¶ 5.

On May 27, 2020, The Regents also conferred with counsel for Ritter and similarly informed Mr. Ritter's counsel that it does not intend to waive Eleventh Amendment immunity, and that it is not subject to Class Action Fairness Act ("CAFA") jurisdiction under 28 U.S.C. § 1332(d)(5)(A) and, therefore, there is no subject matter jurisdiction. Johnson-McKewan Decl. at ¶ 7. Notwithstanding counsel's prior recognition of The Regents's Eleventh Amendment immunity and offer to dismiss and refile in state court, Mr. Ritter's counsel indicated that he is reconsidering his offer and would provide his answer in a few days. *Id.* In response to the Regents's request for legal authority supporting the proposition that the University could be compelled to litigate these cases in federal court, counsel offered none. *Id.*

By contrast, also on May 27, 2020, counsel for Plaintiff Lee informed The Regents that "Plaintiff is prepared to voluntarily dismiss the pending federal complaint, without prejudice[e]," in light of The Regents's intent to move to dismiss the *Lee* action in this court for lack of subject matter jurisdiction. Johnson-McKewan Decl. at ¶ 8. That same day, Plaintiff Lee then filed a

- 4 -

1  Notice of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)

2  dismissing all causes of action in the *Lee* Complaint in this District against The Regents.[4]  *See*

3  Dkt. 12, Case No. 3:20-cv-3241.

## III.  ARGUMENT

Because the University is immune from suit in this Court and subject matter jurisdiction is lacking under the CAFA, the Court should hold Plaintiffs' Motion in abeyance until the Court can rule on the threshold jurisdictional issues to be raised in The Regents's forthcoming motion to dismiss.  That motion, which we anticipate filing on or before June 10, 2020 with a hearing date of July 20, 2020 (subject to the Court's availability), is highly likely to render the pending Motion moot.  Some delay in resolving the current Motion is inevitable anyway, because without an order relating the cases (which ordinarily would have resulted from an Administrative Motion to Consider Whether Cases Should be Related pursuant to Local Rule 3-12(b)), the Court is not in the proper procedural position to hear the pending Motion.

If, however, the Court is inclined to hear the Motion, The Regents takes no position on consolidation and appointment of interim class counsel.  The Regents does however oppose bifurcation.  Plaintiffs have not articulated any grounds for bifurcation, much less satisfied their burden to demonstrate why proceeding in dual tracks from inception is likely to be more efficient.  In all likelihood, it will prove *less* efficient.

### A.  The Regents Intends to Move to Dismiss Based on Eleventh Amendment Immunity and Lack of Subject Matter Jurisdiction under the Class Action Fairness Act

As an arm of the State of California, The Regents is immune from jurisdiction in federal court under the Eleventh Amendment.  Controlling Ninth Circuit case law makes this abundantly clear.  *See, e.g.*, *Doe,* 519 U.S. 425; *Lawrence Livermore Nat'l Lab.,* 131 F.3d 836 (9th Cir. 1997); *Armstrong v. Meyers,* 964 F.2d 948 (9th Cir. 1992); *Thompson v. City of Los Angeles,* 885 F.2d 1439 (9th Cir. 1989); *VB Engineering v. University of California, Los Angeles,* 858 F.2d

---

[4] Plaintiff Lee's dismissal moots the relief requested in Plaintiffs' Motion with respect to the *Lee* action since that case is now terminated in this District; consequently, we do not discuss the *Lee* action further.

- 5 -

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR CONSOLIDATION, BIFURCATION, AND APPOINTMENT OF INTERIM COUNSEL
[3:20-CV-02886-SK]

1394 (9th Cir. 1988); *Jackson v. Hayakawa,* 682 F.2d 1344 (9th Cir. 1982); *Hong v. Grant,* 403 F. App'x 236 (9th Cir. 2010); *Lafreniere v. Regents of Univ. of Cal.,* 255 F. App'x 275 (9th Cir. 2007); *Feied v. Regents of Univ. of Cal.,* 188 F. App'x 559 (9th Cir. 2006); *Ellis v. City of San Diego, Cal.,* 176 F.3d 1183 (9th Cir. 1999). The Regents does not intend to waive immunity here.

In addition, aside from immunity, the *Brandmeyer* and *Ritter* complaints lack subject matter jurisdiction under CAFA. 28 U.S.C. § 1332(d)(5) states that CAFA—the sole asserted basis for subject matter jurisdiction—does not apply where, as here, "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." As the Ninth Circuit has explained, "satisfaction of §1332(d)(5) serves as a prerequisite, rather than as an exception, to jurisdiction under §1332(d)(2)." *Serrano*, 478 F.3d at 1021 n.3. Thus, subject matter jurisdiction would not exist even if the University chose to waive its Eleventh Amendment immunity. *See Kendrick v. Conduent State & Local Sols., Inc.*, 910 F.3d 1255, 1260 (9th Cir. 2018) ("In deciding whether the governmental entity exception applies, however, the existence or waiver of immunity is not the issue; the only issue is whether the entity is such that a claim of immunity *may* be made." (emphasis added.) Because The Regents is a governmental entity against which federal courts may not order relief, the district court lacks subject matter jurisdiction in these cases. *See, e.g., Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented. Subject matter jurisdiction can never be waived or forfeited.")

Because there is no jurisdictional basis for these cases to proceed in federal court, this Court should withhold ruling on this Motion pending resolution of The Regents's forthcoming motion to dismiss (or proceed *sua sponte* to dismiss *Brandmeyer*).

### B. Plaintiffs' Motion Is Procedurally Deficient

Plaintiffs' Motion is procedurally improper. Pursuant to Local Rule 3-12(b), before filing a motion to consolidate, a party "must promptly file in the lowest-numbered case an

- 6 -

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR CONSOLIDATION, BIFURCATION, AND APPOINTMENT OF INTERIM COUNSEL
[3:20-CV-02886-SK]

1   Administrative Motion to Consider Whether Cases Should be Related."[5]  Before doing so, the

2   would-be moving party must meet and confer with other counsel in an effort to reach a

3   stipulation.  *Id.*; *see also* Local Rule 7-11.  If the motion is filed and granted, the Clerk will

4   "reassign all related higher-numbered cases to that Judge."  Local Rule 3-12(f)(3).  At that point,

5   a single judge is positioned to rule across them.

6       Because Plaintiffs bypassed the requirement of relating the cases, they remain splintered

7   between two judges—the *Brandmeyer* action is pending before this Court, and the *Ritter* action is

8   pending before Magistrate Judge Spero.[6]  This Court is thus not positioned to grant the requested

9   relief.  It is authorized to rule in *Brandmeyer* only.  Accordingly, Plaintiffs' Motion should be

10  denied, or the Court should defer ruling until it is positioned to rule in both the *Brandmeyer* and

11  *Ritter* cases.

12      **C.    <u>The Regents Takes No Position on Consolidation</u>**

13      The Regents takes no position on Plaintiffs' request for consolidation, including the

14  purported bases for consolidation.

15      **D.    <u>Plaintiffs Fail to Show That Bifurcation Is Warranted</u>**

16      Somewhat paradoxically, at the same time they seek consolidation, Plaintiffs ask that the

17  Court bifurcate the case into two "tracks"—a fee track and a tuition track.  Plaintiffs offer no

18  legal authority for the request.  It is at best premature, and likely pointless.

19      Bifurcation typically arises in the context of discovery or trial.  *See, e.g.*, 3 Newberg on

20  Class Actions §§ 10:7, 10:8 (5th ed.)).  It is discussed most frequently in terms of *staggered*

21  proceedings—for instance, proceeding with class discovery before merits discovery, or having a

22  liability phase before a damages phase.  *Id.*  The efficiency gains in the former context arise

23  because "if a case is not certified as a class action, it will effectively be over; thus, having full

24  merits discovery prior to the certification motion may be wasteful," *id.* at § 10:7, and, in the latter,

---

[5] The Regents have not filed an administrative motion pursuant to Local Rule 3-12(b), as it does not intend to waive immunity and because subject matter jurisdiction is lacking.  As noted, it will instead file motions to dismiss.

6 The parties in *Ritter* have been given until June 2, 2020 to file a consent or declination to magistrate jurisdiction. *See* Case No. 20-cv-02925 (ECF No. 8) (May 19, 2020).

- 7 -

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONSOLIDATION, BIFURCATION,
AND APPOINTMENT OF INTERIM COUNSEL
[3:20-CV-02886-SK]

1    because a "determination of one issue could wholly eliminate the need to try another complicated
2    or time-consuming issue," *id.* at § 10:8; *see also, e.g.*, *Jinro America Inc., v. Secure Invs., Inc.*,
3    266 F.3d 993, 998 (9th Cir. 2001) (discussing permissibility of bifurcation of "a trial to permit
4    deferral of costly and possibly unnecessary proceedings pending resolution of potentially
5    dispositive preliminary issues"); *Drennan v. Maryland Casualty Co.*, 366 F. Supp. 2d 1002, 1007
6    (D. Nev. 2005) ("Bifurcation is particularly appropriate when resolution of a single claim or issue
7    could be dispositive of the entire case.").

8        Plaintiffs' request for bifurcation here appears to pursue something very different: they
9    seek to splinter the cases into two different *issues-based tracks* operating in parallel from the
10   outset. Plaintiffs offer no authority to support such a peculiar proposal.[7]  We have been unable to
11   locate even a single prior case in the Northern District of California that has been bifurcated this
12   way. By highlighting that the *Ritter* action proposes "splitt[ing] into two distinct classes: a
13   Tuition Class and a Fees Class," Mot. at 7:18-19, perhaps Plaintiffs are asking that this Court in
14   effect rely on Federal Rule of Civil Procedure 23 and certify two classes from the outset. Doing
15   so would put the cart before the horse. Subclassing can only occur *after* a rigorous review of a
16   class certification motion under Rule 23. Accordingly, any such request is premature. If what
17   Plaintiffs seek instead is bifurcation under Federal Rule of Civil Procedure 42(b), that rule applies
18   to bifurcation for *trial*. This case was just filed. It remains to be seen whether trial will be
19   necessary, much less what form it should take.

20       If what Plaintiffs are attempting to request is an expanded application of Rule 42(b) to
21   support bifurcation from inception, the request is misguided. To make the requisite showing
22   under Rule 42(b), Plaintiffs bear "the burden of proving that bifurcation will promote judicial
23   economy and avoid inconvenience or prejudice to the parties." *Spectra-Physics Lasers, Inc. v.*
24   *Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992). Plaintiffs do not even try to meet this

---

[7] In denying a similar request for bifurcation of two separate claims, one court explained, "[t]his is an unusual motion…. Plaintiff [] chose to bring his two claims together in one action, and now seeks to essentially undo that by asking the Court to bifurcate the claims." *Humenuik v. T-Mobile USA, Inc.*, No. 1:14-CV-02002, 2015 WL 3397861, *1 (N.D. Ohio May 26, 2015) ("If bifurcated, the Court and parties would be faced with two rounds of dispositive briefing, two parallel tracks of discovery, and potentially two trials.")

- 8 -

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONSOLIDATION, BIFURCATION,
AND APPOINTMENT OF INTERIM COUNSEL
[3:20-CV-02886-SK]

1  standard.  They do not propose staggered proceedings that might theoretically be more efficient,
2  where, for example, resolution of one issue at a first trial could be dispositive of the entire case—
3  for instance, disposition of the "Fee Track" issues would dispose of the "Tuition Track" issues, or
4  *vice versa*.  Rather, they appear to propose *simultaneous* discovery, *simultaneous* motion practice,
5  and *simultaneous* trials.  The only efficiency argument they make in support of such prolonged
6  dual-tracked proceedings is the conclusory assertion that "these claims rely on different facts and
7  are susceptible to different defenses."  Mot. at 7:10-11.  Under any standard, such a bare
8  contention is inadequate to meet Plaintiffs' burden.

9  If anything, Plaintiffs' proposed bifurcation is almost certain to create gross inefficiencies,
10 as it would result in duplication of efforts with regard to discovery, motion practice, and trial
11 given that many proposed class members could fall into the "Fee Track" as well as the "Tuition
12 Track."  Those class members should not have to participate in discovery and trial twice.  Nor
13 should the Regents.  *See, e.g.*, *Spectra—Physics Lasers, Inc.*, 144 F.R.D. at 101 ("The court finds
14 that logic dictates that holding two trials, as opposed to one, will inevitably cause delay in
15 resolution of the instant case.").

16 Finally, Plaintiffs' request to bifurcate is internally inconsistent with the very arguments
17 they advance in support of consolidation.  For consolidation, they insist these actions "involve a
18 common question of law or fact" and "overlapping claims against the same defendant."  Mot. at
19 3:11-24.  If the suits assert "overlapping claims" and "overlapping allegations" as Plaintiffs
20 suggest (Mot. at 3:19-21), then bifurcation is not appropriate.  *See Hunter v. City and County of*
21 *San Francisco*, No. 11–4911 JSC, 2012 WL 4831634, at *10 (N.D. Cal. Oct. 10, 2012) ("Where
22 an overlap of factual issues exists between the claims, courts are reluctant to bifurcate the
23 proceedings.")

24 Because Plaintiffs have not come close to meeting their burden to show that bifurcation
25 would promote convenience or judicial or party economy, the Court should decline to bifurcate.

26 **E.  The Regents Takes No Position Concerning Appointment of Interim Class Counsel**
27
28 As discussed above, The Regents believes the instant cases do not belong in federal court.

- 9 -

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONSOLIDATION, BIFURCATION,
AND APPOINTMENT OF INTERIM COUNSEL
[3:20-CV-02886-SK]

In the event the Court believes otherwise, the Regents takes no position concerning the appointment of interim class counsel, except to reiterate that interim class counsel should not be separately appointed for a "Fee Track" and "Tuition Track" because those tracks should not be created.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion should be held in abeyance pending a ruling on The Regents's forthcoming motion to dismiss, which it will file by June 10, 2020 (with a prospective hearing date of July 20, 2020). To the extent the Court is inclined to rule on Plaintiffs' Motion at this time, it should deny Plaintiffs' request for bifurcation.

Dated: May 28, 2020

KAREN G. JOHNSON-MCKEWAN
RANDY LUSKEY
WILLIAM A. MOLINSKI
Orrick, Herrington & Sutcliffe LLP

By: _____/s/ Karen G. Johnson-McKewan_____
KAREN G. JOHNSON-MCKEWAN
Attorney for Defendant
The Regents of the University of California

- 10 -

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR CONSOLIDATION, BIFURCATION, AND APPOINTMENT OF INTERIM COUNSEL
[3:20-CV-02886-SK]