1  KAREN G. JOHNSON-MCKEWAN (STATE BAR NO. 121570)
   kjohnson-mckewan@orrick.com
2  RANDY LUSKEY (STATE BAR NO. 240915)
   rluskey@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building, 405 Howard Street
4  San Francisco, CA  94105-2669
   Telephone:     +1 415 773 5700
5  Facsimile:     +1 415 773 5759

6  WILLIAM A. MOLINSKI (STATE BAR NO. 145186)
   wmolinski@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
8  Los Angeles, CA  90017-5855
   Telephone:     +1 213 629 2020
9  Facsimile:     +1 213 612 2499

10

11 Attorneys for Specially Appearing Defendant
   THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

12

13

14                 UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16 CLAIRE BRANDMEYER, individually and on       Case No. 3:20-CV-02886-SK
   behalf of all others similarly situated,
17                                              **NOTICE OF THE REGENTS OF THE**
                     Plaintiff,                 **UNIVERSITY OF CALIFORNIA'S**
18                                              **MOTION AND MOTION TO DISMISS**
         v.                                     **COMPLAINT; MEMORANDUM OF**
19                                              **POINTS AND AUTHORITIES IN**
   THE REGENTS OF THE UNIVERSITY OF             **SUPPORT THEREOF [Fed. R. Civ.**
20 CALIFORNIA,                                  **Proc. 12(b)]**

21                   Defendant.                 Date:       July 20, 2020
                                                Time:       9:30a.m.
22                                              Courtroom: C, 15th Floor
                                                Judge:      Hon. Mag. Sallie Kim
23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that on July 20, 2020 at 9:30 a.m., or as soon thereafter as the matter may be heard in the above-captioned Court, specially appearing Defendant The Regents of the University of California ("The Regents" or "the University") will and hereby does move to dismiss the complaint filed by Plaintiff Claire Brandmeyer ("Plaintiff" or "Brandmeyer").  This Motion is based on the concurrently filed Memorandum of Points and Authorities in support, the pleadings of record, and any other material the Court deems proper and just.

Plaintiff's complaint must be dismissed for failure to state a cognizable claim for relief and because this Court lacks subject matter jurisdiction to hear this case.  The Regents therefore asks that the Court grant its motion to dismiss the complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MOTION TO DISMISS
[3:20-CV-02886-SK]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendant The Regents hereby moves to dismiss the complaint on the grounds set forth below.

**INTRODUCTION**

The Regents is an arm of the State of California.  There is nothing controversial—or even debatable—about that.  The United States Supreme Court has said it.  The Ninth Circuit has said it.  And this Court has said it.  The implications are incontrovertible.  As an arm of the State, The Regents is immune from suit in federal court, and has expressly declined to waive its right to immunity under the Eleventh Amendment.  And because The Regents is an arm of the state, it also means subject matter jurisdiction is lacking under the sole ground asserted in the Complaint: the Class Action Fairness Act ("CAFA").  The statute could not be clearer.  CAFA does not apply "to any class action in which … the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."  28 U.S.C. § 1332(d)(5)(A).  Here, The Regents is the only defendant.

This Court is frequently asked to adjudicate close cases involving immunity and jurisdiction.  This is not one of them.  For two clear and independent reasons, this Court must dismiss the case.

**STATEMENT OF RELEVANT FACTS**

On April 27, 2020, Plaintiff Claire Brandmeyer filed a class action complaint against The Regents, asserting claims for breach of contract, unjust enrichment, and conversion in an effort to secure the return of service fees and campus-based fees.  Dkt. 1, Case No. 20-cv-2886.  The next day, Plaintiff Noah Ritter filed a separate class action against The Regents, also in this Court.  Dkt. 1, Case No. 20-cv-2925.  The *Ritter* complaint similarly advances claims for breach of contract and unjust enrichment but, unlike *Brandmeyer*, it seeks a return of tuition as well as fees.  The *Ritter* complaint also asks the Court to create tuition and fee subclasses.  *Id.*  On May 12, 2020, Plaintiff Matias Lee filed a third class action complaint in this Court, which, like the *Ritter* complaint, also sought some form of pro-rata return of tuition and fees.  Dkt. 1, Case No. 20-cv-

3241.[1]

On May 14, 2020, Plaintiffs Brandmeyer and Ritter filed a Motion for Consolidation, Bifurcation, and Appointment of Interim Class Counsel for the Fee Track and the Tuition Track ("Motion for Consolidation").  Dkt. 15 at 1-23, Case No. 20-cv-2886.  In response, The Regents contacted counsel for Brandmeyer and Ritter, explaining that the University did not intend to waive its immunity under the Eleventh Amendment to the U.S. Constitution, and further asserting that no subject matter jurisdiction exists against state actors under CAFA.  The Regents asked Plaintiffs to dismiss and refile their complaints in state court or, at a minimum, to defer resolution of their pending Motion for Consolidation until after The Regents's forthcoming motion to dismiss.  After several exchanges, Plaintiffs declined and insisted their claims were properly filed, notwithstanding that counsel for Ritter had previously acknowledged The Regents's immunity and offered to dismiss and refile in state court, Dkt. 20 at 9 (Ex. B), Case No. 20-cv-2886.

By contrast, on May 27, 2020, counsel for Plaintiff Lee informed The Regents that Plaintiff would voluntarily dismiss the pending federal complaint given The Regents's assertion of Eleventh Amendment immunity and the Court's lack of subject matter jurisdiction to hear the case.  Dkt. 20 at 3-4, Case No. 20-cv-2886.  Later that day, Plaintiff Lee filed a Notice of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), dismissing all causes of action in his Complaint against The Regents.  *See* Dkt. 12, Case No. 20-cv-3241.

The Regents filed its Response to Plaintiffs' Motion for Consolidation on May 28, 2020, asking the Court to first decide the threshold Rule 12(b) questions before deciding Plaintiffs' motion.  Dkt. 19, Case No. 20-cv-2886.  Plaintiffs' insistence on proceeding in federal court necessitated this Motion.[2]

---

[1] Four separate class actions asserting nearly identical allegations and claims against The Regents have also been filed in California state courts, the first of which was filed 11 days before the *Brandmeyer* complaint.  *See Stoffel v. The Regents of the University of California and Does 1-100 Inclusive*, Case No. 20STCV14991 (Cal. Sup. Ct.) (filed April 16, 2020); *Mueller v. The Regents of the University of California*, Case No. 20-CIV-01942 (Cal. Sup. Ct.) (filed May 6, 2020); *Funkhouser v. The Regents of the University of California*, Case No. RG20061076 (Cal. Sup. Ct.) (filed May 12, 2020); *Yoo v. The Regents of the University of California*, Case No. 30-2020-01140827-CU-BC-CSC (Cal. Sup. Ct.) (filed May 26, 2020).

[2] Plaintiffs' Reply in Support of the Motion for Consolidation suggests Plaintiffs intend at some point to file an "amended" pleading in which they will name a different defendant, seek a different remedy, and replace the existing state law claims with something new in order to invoke

1

**ARGUMENT**[3]

2

**I.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF.**

3

4

The Eleventh Amendment erects a general bar against federal lawsuits brought against a

5

state.  *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).  And, by extension, it precludes actions

6

against state agents and state instrumentalities.  *See, e.g.*, *Edelman v. Jordan*, 415 U.S. 651, 663

7

(1974); *Californians for Renewable Energy v. California Pub. Utilities Comm'n*, 922 F.3d 929,

8

941 (9th Cir. 2019).  The sole question here is whether The Regents qualifies as an arm of the

9

state.  That question has been answered time and time again to the point where it is now

10

incontestable: it does.

11

In *Regents of the University. of California v. Doe*, 519 U.S. 425 (1997), the United States

12

Supreme Court held that The Regents is entitled to Eleventh Amendment immunity, even where

13

the State of California would be indemnified by the federal government from litigation costs.  The

14

Ninth Circuit has been similarly clear, "repeatedly h[o]lding that the Regents [is] an arm of the

15

state entitled to Eleventh Amendment immunity."  *Feied v. Regents of the Univ. of Cal.*, 188 F.

16

App'x 559, 561 (9th Cir. 2006); *see also Doe v. Regents of the Univ. of California*, 891 F.3d

17

1147, 1153 (9th Cir. 2018); *Armstrong v. Meyers*, 964 F.2d 948, 949-50 (9th Cir. 1992) ("The

18

Regents, a corporation created by the California constitution, is an arm of the state for Eleventh

19

Amendment purposes."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1442-43 (9th Cir.

20

1989) ("It has long been established that UC is an instrumentality of the state for purposes of the

21

Eleventh Amendment."); *BV Eng'g v. Univ. of California, Los Angeles*, 858 F.2d 1394, 1395 (9th

22

Cir. 1988) (observing that the Regents "enjoy the same immunity as the state of California");

23

*Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) ("[T]he University of California and

24

federal question jurisdiction under 42 U.S.C. § 1983, all in an effort to avoid The Regents's

25

assertion of immunity.  Dkt. 24 at 4-5, Case No. 20-cv-2886.  In other words, the only thing that

26

will remain the same in the new complaint is the identity of the plaintiffs; this is not so much an amendment as it is the wholesale abandonment of the original complaint.

27

[3] Given the clarity with which dismissal is warranted on the two grounds asserted, The Regents does not burden this Court with additional grounds for dismissal.  However, The Regents reserves

28

the right to assert those grounds in the event this Court were to conclude the grounds cited herein do not supply a basis for dismissal.

1   the Board of Regents are considered to be instrumentalities of the state.").

2        So too has this Court.  *See, e.g.*, *Lafreniere v. Regents of Univ. of California*, No. C 04-

3   05308 CRB, 2006 WL 2355064, at *1 (N.D. Cal. Aug. 14, 2006) ("It is well-settled that The

4   Regents is considered an instrumentality, or arm, of the state for purposes of Eleventh

5   Amendment immunity."), *aff'd*, 207 F. App'x 783 (9th Cir. 2006), and *aff'd*, 207 F. App'x 783

6   (9th Cir. 2006); *Singleton v. Univ. of California*, No. C-93-3496 MHP, 1995 WL 16978, at *2

7   (N.D. Cal. Jan. 6, 1995) ("[E]leventh [A]mendment protects the Regents from suit in federal court

8   on state law claims"); *Stripling v. Regents of the Univ. of California*, No. 14-CV-02606-YGR,

9   2015 WL 471480, at *5 (N.D. Cal. Feb. 4, 2015) ("the Regents and officers thereof are immune

10  under the Eleventh Amendment from plaintiff's causes of action"); *Kemp v. Regents of Univ. of*

11  *Cal.*, No. C-09-4687 PJH, 2010 WL 2889224, at *4 (N.D. Cal. July 22, 2010) (holding that the

12  State of California's Eleventh Amendment "immunity also extends to suits against state agencies,

13  including the Regents"); *see also Esonwune v. Regents of Univ. of California*, No. 17-CV-01102-

14  LB, 2017 WL 4025209, at *4 (N.D. Cal. Sept. 13, 2017) ("The Regents are 'an arm of the state

15  for Eleventh Amendment purposes'" and thus immune from suit).

16       It seems the only individuals for whom there is confusion on this point is Plaintiffs'

17  counsel.  That confusion does not arise from ambiguity in The Regents's expression of its intent

18  to assert Eleventh Amendment immunity.  The Regents has expressly and repeatedly invoked its

19  right to immunity *and* provided counsel with the relevant case law.  Indeed, both in oral

20  communications and in its May 22, 2020 letter, The Regents unequivocally stated that it "does not

21  intend to waive its immunity in this lawsuit."  Dkt. 19 at 4, Case No. 20-cv-2886; *id.* at 2-4.  That

22  left no uncertainty concerning The Regents's position.[4]  *See Montana v. Goldin,* 394 F.3d 1189,

23

---

24  [4] Nor can Plaintiff plead around the Eleventh Amendment by casting her claims against The
    Regents as an equitable entitlement to "disgorgement" or "return" of pro-rated amounts of fees.
    The Eleventh Amendment applies in any suit that seeks retroactive monetary relief.  *See, e.g.*,
25  *Jackson v. Hayakawa*, 682 F.2d 1344, 1350-51 (9th Cir. 1982); *Pennhurst State Sch. & Hosp. v.
    Halderman*, 465 U.S. 89, 101 (1984).  Accordingly, no matter how Plaintiff dresses up her
26  claims, if she seeks a monetary award, they cannot be pursued in federal court.  *Am. Shooting
    Ctr., Inc. v. Int'l*, 2016 WL 3952130, at *2 (S.D. Cal. July 22, 2016) ("The language of the
27  Eleventh Amendment makes clear that any effort to sue for monetary relief—however Plaintiffs
    may characterize it—is prohibited."); *Emily Q. v. Bonta*, 208 F. Supp. 2d 1078, 1108 (C.D. Cal.
28  2001) ("[C]asting the remedy in the form of 'equitable restitution' instead of damages does not
    avoid Eleventh Amendment concerns"); *see also Californians for Renewable Energy v.*

1195 (9th Cir. 2005) (finding that unless they specifically waive their immunity, states and state

agencies are immune under the Eleventh Amendment from private actions for damages or

injunctive relief in federal court); *see also Peralta v. California Franchise Tax Bd*.,

124 F. Supp. 3d 993, 999 (N.D. Cal. 2015) ("[W]aiver of the Eleventh Amendment will only be

found 'where stated by the most express language or by such overwhelming implications from the

text as (will) leave no room for any other reasonable construction.'") (quoting *Edelman,* 415 U.S.

at 673).

      Plaintiff's refusal to dismiss and refile in state court is inexplicable.  Plaintiff cannot force

the State of California to litigate claims seeking monetary damages in federal court.  *See Glenn v.*

*California Dep't of Educ.*, No. 16-CV-05512-SK, 2017 WL 5973526, at *5 (N.D. Cal. Mar. 24,

2017) (Kim, J.) (granting motion to dismiss because agency was "arm of the state" and therefore

entitled to Eleventh Amendment immunity (quoting *Regents v. Doe*, 519 U.S. at 430 n.5)).  For

these reasons, this Court should dismiss the Complaint pursuant to FRCP 12(b)(6) for failure to

state a cognizable claim.

## II.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR THE CASE.

      An equally clear and alternative ground for dismissal exists: the Court lacks original

jurisdiction to adjudicate Plaintiff's claims.  *See, e.g.*, *Allen v. Boeing Co.*, 784 F.3d 625, 628 (9th

Cir. 2015) (concluding that, under the context of removal, a party may only remove if "a federal

district court would have original jurisdiction over the action").  The sole basis for subject matter

jurisdiction that Plaintiff alleges is diversity of citizenship under CAFA.  Dkt. 1 at ¶ 14, Case No.

20-cv-2886.  As she alleged, "This Court has original jurisdiction under the Class Action Fairness

Act, 28 U.S.C. § 1332(d)(2)(A)."  *Id.*  But Plaintiff appears to have overlooked Section

1332(d)(5), which provides that Section 1332(d)(2) "*shall not* apply to any class action in which

the primary defendants are States, State officials, or other governmental entities against whom the

district court may be foreclosed from ordering relief."  28 U.S.C. § 1332(d)(5) (emphasis added).

---

*California Pub. Utilities Comm'n,* 922 F.3d 929, 941 (9th Cir. 2019) (holding that Eleventh Amendment immunity extended to state arm defendant even where plaintiff brought a claim for equitable damages).

1    This provision leaves no room to maneuver.  As the Ninth Circuit has explained,

2    "satisfaction of § 1332(d)(5) serves as a prerequisite, rather than as an exception, to jurisdiction."

3    *Serrano*, *supra*, 478 F.3d at 1020 n.3 (citing § 28 U.S.C. 1332(d)(3)-(4)).  That means

4    Section 1332(d)(5) must be satisfied *before* CAFA may be invoked.  And because

5    Section 1332(d)(5) applies to the states in unqualified fashion, CAFA does not confer jurisdiction

6    over them even if they waive immunity: "In deciding whether the governmental entity

7    [prohibition of CAFA] applies, … the existence or waiver of immunity is not the issue; the only

8    issue is whether the entity is such that a claim of immunity *may* be made."  *Kendrick v. Conduent*

9    *State & Local Sols*., Inc., 910 F.3d 1255, 1260 (9th Cir. 2018) (emphasis added); *see also*

10   *Bekkerman v. California Bd. of Equalization*, No. 16-cv-00709, 2017 WL 1063608, at *4 (E.D.

11   Cal. Mar. 21, 2017) ("The fact that the State Defendants must be deemed primary [under 28

12   U.S.C. § 1332(d)(5)] then means that CAFA should not have been invoked as a basis for

13   removing this case to federal court in the first place.").  Accordingly, Plaintiff did not have to

14   wait to hear from The Regents to know her claims did not belong in federal court.  *See Limson v.*

15   *Bridge Prop. Mgmt. Co.*, 416 F. Supp. 3d 972, 986 (N.D. Cal. 2019) ("Under CAFA, the burden

16   of establishing jurisdiction is on the proponent of federal jurisdiction.").

17   In short, because the Regents is an "arm" of the State and is the *only* Defendant in this

18   case, CAFA's prerequisites are not satisfied here.  Accordingly, this Court should dismiss this

19   Complaint pursuant to FRCP 12(b)(1) for want of subject matter jurisdiction.  *See, e.g.*, *Diva*

20   *Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1084 (N.D. Cal. 2019) (granting Rule

21   12(b)(1) motion to dismiss where complaint did not allege sufficient facts to establish subject

22   matter jurisdiction under CAFA).

23   ### III.   CONCLUSION

24   For the reasons set forth above, The Regents's Motion to Dismiss should be granted.

25   / / /

26   / / /

27   / / /

28   / / /

1

2    Dated: June 8, 2020                        KAREN G. JOHNSON-MCKEWAN
                                                RANDY LUSKEY
3                                               WILLIAM A. MOLINSKI
                                                Orrick, Herrington & Sutcliffe LLP
4

5                                               By:        */s/ Karen G. Johnson-McKewan*
                                                        KAREN G. JOHNSON-MCKEWAN
6                                                       Attorney for Specially Appearing Defendant
                                                        The Regents of the University of California
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS
[3:20-CV-02886-SK]